**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2088-22

KASEEM ALI-X,

    Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Defendant-Respondent.

_____

Submitted April 30, 2025 – Decided May 21, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Kaseem Ali-X, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kaseem Ali-X appeals from the November 4, 2022 final agency decision of respondent New Jesey Department of Corrections (DOC) denying his request for a printed copy of all memoranda issued by DOC in 2021 and 2022 concerning the prison in which he is incarcerated. We affirm.

I.

Ali-X is incarcerated at New Jersey State Prison (NJSP). On July 10, 2022, Ali-X requested DOC produce printed copies of all memoranda DOC posted on the JPay inmate kiosk system.

On July 20, 2022, an NJSP official responded as follows: "If you would like copies of memos distributed, please provide the specific nature of the memos requested."

On July 22, 2022, Ali-X appealed to the NJSP Administrator, stating that his request was being deliberately disregarded. The Administrator responded by again requesting which memoranda Ali-X was requesting.

On August 11, 2022, Ali-X responded that he wanted a printed copy of "all of the 2021 and 2022 MEMOS concerning NJSP. ALL SUBJECT MATTERS that have not been provided via Kiosk E-Mail."

A-2088-22

On November 2, 2022, Ali-X again appealed to the NJSP Administrator, stating that he was "being denied institutional viewing of the printed MEMOS for population."

On November 4, 2022, after again being asked to specify which memoranda he was seeking, Ali-X replied "I have previously responded and I am again stating the general population MEMOs concerning inmates['] notifications. All of them for 2022 to be provided."[1]

On November 4, 2022, an NJSP official responded as follows: "Please see your area supervisor. Memos are posted for all to see as well on the kiosk. If you are looking for something particular, resubmit and be more specific."

This appeal follows. Ali-X argues DOC's failure to produce the requested printed copies of memoranda violates N.J.A.C. 10A:4-3.1.

II.

Review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). "We will not reverse an agency's judgment unless we find the decision to be 'arbitrary, capricious, or unreasonable, or [] not

---

[1] Although Ali-X appears to have narrowed the scope of his request, we proceed on the assumption that he sought production of all memoranda concerning NJSP issued in both 2021 and 2022.

A-2088-22

supported by substantial credible evidence in the record as a whole.'" Id. at 202

(quoting Stallworth, 208 N.J. at 194). We "defer to the specialized or technical

expertise of the agency charged with administration of a regulatory system."

K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App.

Div. 2018) (quoting In re Virtua-West Jersey Hosp. Voorhees for a Certificate

of Need, 194 N.J. 413, 422 (2008)). The Legislature has provided for the broad

exercise of DOC's discretion in all matters regarding the administration of a

prison facility. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App.

Div. 1999).

We have reviewed the record in light of these precedents and find no basis

on which to reverse the DOC's decision. N.J.A.C. 10A:4-3.1 provides:

> (a)    The following rights are found in the Handbook
> on Discipline that is provided to each inmate as part of
> reception into the Department of Corrections.
>
> . . . .
>
> 2.    You have the right to be informed of the rules,
> procedures and schedules concerning the operation of
> the correctional facility.

Ali-X interprets this regulation as requiring DOC to provide him with printed

copies of all memoranda the agency has issued concerning NJSP.

4

There is nothing in the plain language of the regulation requiring the production of printed copies of memoranda concerning the rules, procedures, and schedules at NJSP. DOC posts all memoranda on the JPay kiosk where they can be read by Ali-X. The posting of memoranda satisfies N.J.A.C. 10A:4-3.1, as it provides Ali-X with an avenue to remain informed of the rules governing the prison in which he is incarcerated. In addition, NJSP staff offered to assist Ali-X in obtaining a copy of specific memoranda he identified. However, he failed to specify which memoranda he was unable to access on JPay.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2088-22